UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FREDERICK WAYNE HARRIS | CIVIL ACTION NO. 15-cv-307 |
| VERSUS | JUDGE HICKS |
| BOBBY JINDAL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Frederick Harris ("Plaintiff") is a former Shreveport police officer who was convicted of forcible rape and public bribery after he took money from and had sex with young women he stopped for traffic offenses. His habeas corpus petition was denied by this court. <u>Harris v. Warden</u>, 08-cv-2004. He has also filed some other civil actions. This action is a complaint against Louisiana Governor Bobby Jindal in his individual capacity in which Plaintiff argues that he is entitled to relief under 42 U.S.C. § 1983 because his Eighth Amendment rights have been violated by the State.[1] For the reasons that follow, this civil action should be dismissed as frivolous.

Plaintiff alleges he is a descendant of ex-slaves that were brought to North America and whose forefathers were descendants of the Kingdom of Morocco in Africa. Plaintiff alleges that framers of the U.S. Constitution used "slave labels" such as negro, black, and colored to identify the African nationals. He contends that the Thirteenth Amendment

---

[1]Plaintiff filed an identical suit in which he sued Bobby Jindal in his official capacity. 15-cv-122. After a Report & Recommendation was issued, Plaintiff filed a motion to dismiss the complaint because he named Bobby Jindal in his official capacity and the court granted said motion.

abolished slavery and all "slave names," including those listed above. Plaintiff complains that Louisiana continues to use these names to "denationalize" the descendants of ex-slaves. He likens this denationalization to being treated as property rather than a person. Plaintiff demands that the State pay him $40,000,000, that the court order all of Plaintiff's public records to reflect his true nationality as a Moorish-American, and that the court enjoin the State from referring to Plaintiff as a negro, black, colored, or any similar name.

Plaintiff is proceeding in forma pauperis ("IFP"). In IFP cases, the district court "shall dismiss the case at any time if the court determines that" the complaint is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or fact, and "[a] complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

The "Moorish" arguments that underlie the complaint are meritless. Persons charged with crimes or who find themselves in civil legal difficulties sometimes contend that they have special status stemming from their association with a Moorish group that somehow exempts them from prosecution for crimes or liability for debts. This complaint is likely intended as a stepping stone on a path of similar frivolous litigation. One court described the Moorish argument as a "uniformly discredited and utterly baseless notion." Hall -El v. Craven, 2012 WL1067627, *7 (M.D. NC 2012). Such plaintiffs sometimes claim to belong

to the Washitaw Empire. All such arguments, whether Moorish or Washitaw based, have been routinely dismissed as frivolous, fictional, baseless, and even delusional. El-Bey v. City of Charlotte, 2011 WL 4757653, *5-6 (W.D. NC 2011) (collecting cases).

Plaintiff also seeks a mandamus that state officials revise his public records. He has not stated a valid claim on which such relief could be granted. Furthermore, a federal district court generally is not authorized to grant mandamus relief to direct state officials in the performance of their duties and functions. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Nabelek v. Collins, 48 Fed. Appx. 104 (5th Cir. 2002); and Brooks v. North Carolina, 551 Fed. Appx. 721 (4th Cir. 2014) (refusing to grant Moorish claimant's mandamus request). Plaintiff's complaint lacks an arguable basis in law or fact.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed with prejudice** as frivolous under 28 U.S.C. § 1915(e).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of June, 2015.

Mark L. Hornsby
U.S. Magistrate Judge